# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:06-CR-3-TLS |
| | ) | |
| DAMONE T. ABERNATHY | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Damone T. Abernathy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [ECF No. 98]. Because the Defendant filed the Motion well outside of § 2255's one-year statute of limitations, and because equity does not toll the limitations period, his Motion is denied.

In January 2007, a jury found the Defendant guilty of possessing crack cocaine with intent to distribute, carrying a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm, and in March 2007 the Court sentenced him to 175 months' imprisonment. See 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 924(c), 922(g)(1). The Court twice reduced the term of imprisonment for the drug conviction pursuant to 18 U.S.C. § 3582(c)(2). On December 26, 2007, the Seventh Circuit affirmed the Defendant's conviction. The Defendant did not petition for a writ of certiorari to the United States Supreme Court. Then, on May 6, 2013, more than five years after the Seventh Circuit's decision, the Defendant filed his motion to vacate his conviction and sentence, alleging that his conviction was the result of false testimony presented at various stages of his criminal proceedings. Essentially, the Defendant claims that one of the police officer's involved in his case lied throughout the proceedings, including in a probable cause affidavit and to the grand jury.

A federal prisoner must file his § 2255 motion within one year from the date on which his

"judgment of conviction becomes final." 28 U.S.C. § 2255(f). A judgment becomes final for purposes of § 2255 when the time expires for filing an appeal contesting the conviction. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The Seventh Circuit issued the decision denying the Defendant's appeal on December 26, 2007. Because the Defendant did not petition to the Supreme Court, his one-year clock began counting down on March 26, 2008—the date on which he could no longer appeal his conviction to the Supreme Court. *Clay*, 537 U.S. at 525; Sup. Ct. R. 13(1) (a writ of certiorari must be filed within 90 days after entry of judgment). The Defendant's Motion, filed on May 6, 2013, is thus well outside the on-year statute of limitations. The fact that the Defendant's sentence was twice modified because he had been sentenced based on a sentencing range that had been subsequently lowered did not impact that finality of his previous judgment. *See* 18 U.S.C. § 3582(b) (stating that the fact that a sentence may qualify for such a modification does not affect the finality of the judgment of conviction "for all other purposes"); *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) (noting that the text of § 3582(c)(2) and its narrow scope reveals congressional intent to "authorize only a limited adjustment to an *otherwise final sentence*") (emphasis added).

Equity may toll the limitations period for § 2255 motions. *See United States v. Nolan*, 358 F.3d 480, 484 (7th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland. Florida*, 130 S. Ct. 2549, 2560–62 (2010). Whether a particular situation justifies equitable tolling is a fact-specific, case-by-case inquiry. *Holland*, 130 S. Ct. at 2565.

In his Reply Brief, the Defendant asserts only that "the 1 year equitable tolling bar does not apply [b]ecause [his] Constitutional Right[s] were violated" by the use of "false evidence." (Reply Brief 1, ECF No. 103.) The Defendant possessed all the information raised in his § 2255 motion prior to the expiration of the statute of limitations, yet he has not presented any facts from which the Court could conclude that he diligently pursued his rights during the five years that expired between the final judgment and his collateral attack. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (equitable tolling inapplicable because petitioner "had the burden to demonstrate his own diligence in pursuing his claim, but failed to present any evidence in support of it") (citations omitted). Nor has the Defendant provided any evidence or allegations of any obstacles or extraordinary circumstances beyond his control that prevented him from filing a timely motion. Accordingly, his motion is barred by the one-year statute of limitations.

## NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, "a plain

3

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's untimely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [ECF No. 98]. The Court DECLINES to issue a Certificate of Appealability. The Defendant may seek a certificate from the court of appeal under Federal Rule of Appellate Procedure 22.

SO ORDERED on September 23, 2013.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT